Wayne Mortensen (#18519)
FARNSWORTH LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, AZ 85210
(480) 820-3600
Fax (480) 820-4800
fmcourt@gmail.com
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | ) In Proceedings Under |
| | ) Chapter Thirteen |
| JAMES C. CASSEL | ) |
| MIA L. CASSEL | ) |
| | ) Case No. 09-09031JMM |
| Debtors | ) |
| | ) |
| MORTGAGE ELECTRIC et al | ) RESPONSE TO MOTION FOR |
| | ) RELIEF FROM THE AUTOMATIC |
| Movant | ) STAY |
| | ) |
| vs. | ) |
| | ) |
| JAMES C. CASSEL, | ) |
| MIA L. CASSEL and | ) |
| DIANNE C. KERNS, Trustee | ) |
| Respondent | ) |

COMES NOW the Debtors, JAMES C CASSEL and MIA L CASSEL, by undersigned counsel, who hereby responds to the Motion for Relief from the Automatic Stay of MORTGAGE ELECTRIC et al and states as follows:

1) Debtors filed their voluntary petition in the United States Bankruptcy Court for the District of Arizona on or about April 30, 2009, thereby commencing this above-captioned Chapter 13 proceeding. DIANNE C. KERNS is the duly appointed, qualified and acting Chapter 13 Trustee in this matter.

2) Creditor, MORTGAGE ELECTRIC et al, holds a perfected security interest in real property of the Debtors;

> ***LOT 2 OF GLADDEN FARMS BLOCKS 18 & 20, A SUBDIVISION OF PIMA COUNTY, ARIZONA, ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, IN BOOK 60 OF MAPS AND PLATS AT PAGE 37 THEREOF.***

*a/k/a 12347 N. Barbadense Dr., Marana, Arizona 85653*

3) Upon the filing of the Debtor's Chapter 13 proceeding, the Debtors were in arrears in their mortgage payments to Movant.

4) Debtors have prepared a Chapter 13 Plan that provides for adequate protection of Movant's interest in that the Debtors are to maintain regular monthly payments to Movant outside of the Plan.

5) The Debtors have been working with Movant for approximately five (5) months on a loan modification. Should the modification not take place, the Debtors will file an amended plan to address and mortgage arrears and arrange for conduit payments through the Trustee. Therefore, the Debtor respectfully asks that the Stay remain in full force and effect on the home.

6) The Debtors believe that there is sufficient equity in the property and that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.Ed.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization, and there is a "reasonable possibility of a successful reorganization within a reasonable time."

7) The party moving for lift of stay must, in the first instance, establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 Bankr. 795 Utah (D.C.D. 1984); 11 U.S.C. Sec. 362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 BR 852 (B.C.S.D. Ohio 1987); In re Kim, 71 BR 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "... a creditor seeking relief from the automatic stay has the burden proving evidence to make a prima facie case that the creditor is entitled to relief from the stay. In re Kim, supra at p. 853.

8) An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 Br 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 BR 34 (B.C.D.C. Vt. 1983); In re Grant, 29 BR 375 (B.C. M.D. Pa. 1983). Matter of Rice, 82 BR 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because creditor remains fully secured. In re

PDF Creator - PDF4Free v2.0                                         http://www.pdf4free.com

1  Johnston, supra.

2  An equity analysis however, is not the sole aspect of determining whether to modify the stay
3  and even if the Debtors have no equity in the property, this is not sufficient standing alone to grant
4  relief from the stay. In re Mellow. 734 F. 2d 1396 (9th Cir. 1984). Disparity between the amount
5  of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for
6  vacating the stay. In re Ausherman, 34 BR 393 (N.D. Ill. 1983).

7  If the existence of equity by the Debtor in the property were the sole criterion in determining
8  whether there is adequate protection of a secured creditors' interest, then the stay would have to be
9  lifted against tangible property in nearly every consumer bankruptcy. This result would be contrary
10 to the spirit and purpose of the Bankruptcy Code.

11 WHEREFORE, premises considered, Respondent-Debtors pray that Movant-Creditor's
12 Motion for Relief from the automatic stay be denied.

13 RESPECTFULLY SUBMITTED this  5  day of  October , 2009.

FARNSWORTH LAW OFFICES

 /s/ Wayne Mortensen (#18519)
Wayne Mortensen
Attorney for Debtors

Copies of the foregoing
sent this  5  day
of  October  2009, to:

Dianne C. Kerns
PMB 413
7320 N. La Cholla, #154
Tucson, AZ 85741-2305
Trustee

Leonard McDonald
TIFFANY & BOSCO
2525 E. Camelback Rd., 3rd fl.
Phoenix, Az 85016
Attorney for Movant

3

PDF Creator - PDF4Free v2.0       http://www.pdf4free.com

/s/ Diana Klabis

4